

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00106-CR

RANDALL KEITH REYNOLDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027796

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

On August 3, 2020, Randall Keith Reynolds pled guilty to aggravated assault with a deadly weapon (a motor vehicle).[1]  On August 26, the trial court held a sentencing hearing, found Reynolds guilty of the charged offense, and sentenced him to five years' incarceration. Reynolds appeals that conviction and sentence.

Reynolds's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Reynolds's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Reynolds with a copy of the brief and the motion to withdraw.  His counsel also informed Reynolds of his right to review the record and file a pro se response and provided Reynolds with an unsigned motion for access to the record.

On January 26, 2021, the Court notified Reynolds that, if he wished to file a pro se response to his counsel's *Anders* brief, any such response was due on or before February 25, 2021.  We have received no such response or request for extension from Reynolds.

---

[1]*See* TEX. PENAL CODE ANN. § 22.02.

2

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the judgment of the trial court.[2]

Ralph K. Burgess
Justice

Date Submitted:    March 31, 2021
Date Decided:    April 21, 2021

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.